**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGUEDO J. ESCOBAR OLAIZOLA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-70215<br><br>Agency No. A094-371-904<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2010 [**]

Before: FARRIS, LEAVY, and BYBEE, Circuit Judges.

Aguedo Escobar Olaizola, a native and citizen of El Salvador, petitions for

review of the decision of the Board of Immigration Appeals denying his motion to

reopen the underlying denial of his application for special rule cancellation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal. The BIA denied the underlying cancellation application based on its overall discretion, and denied the motion to reopen on the basis that petitioner failed to show that his new evidence was previously unavailable, or alternatively, that the new evidence was insufficient to change the result in the case.

Escobar Olaizola contends that the BIA abused its discretion in concluding that the new and material evidence of his continuing sobriety did not warrant granting the motion to reopen. We lack jurisdiction to review the BIA's underlying discretionary denial of Escobar Olaizola's application for cancellation relief. *See* 8 U.S.C. § 1252(a)(2)(B); *Romero-Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003). The supplemental evidence that petitioner presented with his motion concerned the same grounds as the discretionary denial of the underlying application for cancellation, and we therefore lack jurisdiction to review the BIA's denial of the motion to reopen. *See Fernandez v. Gonzales*, 439 F.3d 592, 600-03 (9th Cir. 2006).

**PETITION FOR REVIEW DISMISSED**.